# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY O. COOK, JR.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   2:21-cv-01683-ACA |
| | ] |
| **CHAPEL HILLS COMMUNITY** | ] |
| **ASSOCIATION, INC.,** *et al.*, | ] |
| | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

While Plaintiff Anthony Cook, Jr. was on active duty with the military, the homeowners association where his property was located sued him in a state small claims court. Defendants Duell Hunt, LLC[1] and Robert McNearney represented the homeowners association. Although they notified the state court that Mr. Cook was on active duty with the military, the state court did not appoint him an attorney and ultimately entered a default judgment against him. Eventually the default judgment resulted in the foreclosure of Mr. Cook's home, though the homeowners association later executed a quit claim deed of the property back to him. Mr. Cook has sued

---

[1] Duell Hunt states that its actual name is Duell Law, LLC. (Doc. 36 at 1). Because no party has moved to correct Duell Hunt's name and the parties continue to use "Duell Hunt," the court will do the same.

eight defendants, including Duell Hunt and Mr. McNearney, for violations of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3931, 3953.

Duell Hunt and Mr. McNearney move to dismiss the claim against them for failure to state a claim.[2] (Doc. 36). Because Mr. Cook cannot state a claim against Duell Hunt or Mr. McNearney for the state court's failure to appoint him an attorney, the court **WILL GRANT** the motion and **WILL DISMISS** the claim against Duell Hunt and Mr. McNearney **WITH PREJUDICE**.

## I. BACKGROUND

In deciding a motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Typically, if the court considers any evidence outside the pleadings in connection with a motion to dismiss, the court must convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). But an exception exists for documents that the complaint incorporates by reference if those documents are of undisputed authenticity and central to the plaintiff's claims. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

---

[2] Because the motion before the court relates to only two defendants, the court omits the facts that are relevant only to the other defendants or the claims against those defendants.

In support of their motion to dismiss, Duell Hunt and Mr. McNearney submit some of the filings from the state court case. (Doc. 36 at 12–20). The amended complaint incorporates the state court filings by reference and they are central to Mr. Cook's claims against Duell Hunt and Mr. McNearney. (*See* doc. 14 at 8–9 ¶ 28). Moreover, Mr. Cook does not challenge the authenticity of these documents, and indeed relies on some of them himself in his opposition to the motion to dismiss. (*See* doc. 40 at 5 n.2, 6). Accordingly, the court's description of the relevant facts will include the state court filings submitted by Duell Hunt and Mr. McNearney.

In August 2010, several years after Mr. Cook was ordered to active duty in the United States Army, the homeowners association governing the area where Mr. Cook's property was located filed suit against him in state small claims court for "allegedly owed HOA dues and assessments." (Doc. 14 at 8 ¶ 25, ¶ 28). The homeowners association hired Duell Hunt and its member, Mr. McNearney, to represent it in the lawsuit. (*Id.* at 8–9 ¶ 28).

On March 9, 2011, Mr. Cook submitted to the state court a *pro se* answer to the complaint, stating that he had been deployed overseas for the past three years, had received only one bill from the homeowners association, and did not agree he was liable for attorneys' fees and costs. (Doc. 36 at 16). The state court entered an order stating that, because Mr. Cook did not sign the answer, the court could not consider it. (*Id.* at 19).

3

On May 5, 2011, Mr. McNearney, on behalf of his client, moved for default judgment against Mr. Cook. (Doc. 36 at 12). The motion stated that Mr. Cook was "active in the Military service." (*Id.*). In an affidavit attached to the motion, Mr. McNearney attested that Mr. Cook was "in the Military service." (*Id.* at 13). Despite these clear statements that Mr. Cook was on active duty in the military, the state court did not appoint him an attorney and neither the homeowners association nor its counsel took any steps to ensure that the state court appointed Mr. Cook an attorney. (Doc. 14 at 8–9 ¶ 28).

On July 17, 2011, the state court entered a default judgment against Mr. Cook. (Doc. 14 at 10 ¶ 37). That same month, Duell Hunt and Mr. McNearney recorded the default judgment. (*Id.* at 9 ¶ 28). Based on these facts, Mr. Cook asserts that Duell Hunt and Mr. McNearney violated 50 U.S.C. § 3931 by obtaining a default judgment against him without ensuring that an attorney was appointed to represent him.[3] (Doc. 14 at 10–11).

## II.   DISCUSSION

Duell Hunt and Mr. McNearney move to dismiss the claim against them for failure to state a claim. (Doc. 36 at 1). They make three arguments: (1) the SCRA does not impose any requirement on them to ensure that a court appoints counsel for

---

[3] Mr. Cook also makes this claim against two other defendants, but those defendants have not moved to dismiss the claim.

a servicemember, so they cannot be liable for the state court's failure to appoint counsel; (2) Mr. Cook waived this claim by filing an answer in the state court action that did not request a stay or assert that he could not participate in the action; and (3) the statute of limitations bars the action. (*Id.* at 6–10).

Duell Hunt and Mr. McNearney's last two arguments fail. With respect to waiver, the SCRA provides that a servicemember may waive the rights and protections provided by that statute. 50 U.S.C. § 3918(a). But for a waiver that applies to any "modification, termination, or cancellation of . . . an obligation secured by a mortgage, . . . lien, or other security in the nature of a mortgage," the waiver must be "pursuant to a written agreement of the parties that is executed during or after the servicemembers' period of military service." *Id.* § 3918(a), (b)(1)(B). Duell Hunt and Mr. McNearney have offered no argument about whether the state court lawsuit was of a nature that would require a written waiver. (*See* doc. 36 at 9). The court will not dismiss the claim against them on that ground.

As to Duell Hunt and Mr. McNearney's statute of limitations defense, the SCRA expressly provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court." 50 U.S.C. § 3936(a). Mr. Cook expressly alleges that he has been on active duty since September 4, 2007 and his

claim accrued after that date. (Doc. 14 at 8 ¶ 25, ¶ 28). Accordingly, the statute of limitations cannot bar this action and the court will not dismiss based on that defense.

However, Duell Hunt and Mr. McNearney's first argument fares better. They contend that the SCRA does not impose any duty on them to ensure that a court appoints a servicemember an attorney. (Doc. 46 at 4–6). This court agrees.

The relevant provision of the SCRA sets out the procedures a court must use when faced with a case against a servicemember who has not made an appearance in the case.[4] 50 U.S.C. § 3931. First, the court must require the plaintiff to file an affidavit stating whether the defendant is in military service or whether the plaintiff cannot make that determination. *Id.* § 3931(b)(1). If the action is covered by § 3931 and "it appears that the defendant is in military service, the court may not enter a judgment until after the court enters an attorney to represent the defendant." *Id.* § 3931(b)(2).

Mr. Cook does not argue that any language in the SCRA imposes a duty on a plaintiff or plaintiff's counsel to ensure that a court appoints counsel to a servicemember-defendant. (*See* doc. 40 at 3–9). Instead he argues that because the judge who presided over the case and wrongfully entered a default judgment against him is immune from suit, depriving him of the ability to hold the plaintiff's attorneys

---

[4] The parties appear to agree—or at least they do not dispute—that Mr. Cook's unsigned answer the state court rejected as improper does not constitute an appearance. (*See* doc. 40 at 6; *see generally* docs. 36, 41).

liable will leave him without an effective remedy for the SCRA violation. (*Id.* at 5–9).

While the court understands Mr. Cook's frustration, the plain language of § 3931 imposes the duty to appoint counsel on the court, not the plaintiff or its attorney. It is undisputed that Duell Hunt and Mr. McNearney clearly advised the state court that Mr. Cook was on active duty with the military. (Doc. 36 at 12–13). That is all the statute requires of them. *See* 50 U.S.C. § 3931(b)(1). Once they informed the court of that fact, their obligation under § 3931 ended. The court's failure to appoint counsel does not rest with Duell Hunt or Mr. McNearney, but with itself.[5] And the court's entitlement to immunity, however unjust it may appear to Mr. Cook, does not authorize this court to rewrite the statute to permit what he views as a more just result. *See Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (explaining that a court cannot "do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it").

---

[5] In addition, although a monetary award may not be available under the circumstances present in this case against these two defendants, § 3931 does not necessarily deprive a servicemember whose rights under this section were violated of all remedies. Section 3931(g) expressly provides for vacatur or setting aside of a default judgment entered against a servicemember during the servicemembers' period of military service if the military service materially affected the servicemembers' defense of the action and the servicemember "has a meritorious or legal defense to the action or some part of it."

## III. CONCLUSION

The court **WILL GRANT** Duell Hunt and Mr. McNearney's motion to dismiss the claim against them and **WILL DISMISS** that claim **WITH PREJUDICE**.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this May 24, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE